UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2024
```

UNITED STATES OF AMERICA,

-v-

MOISES POLANCO-GONZALEZ,

                        Defendant.

17-CR-688 (VM)

ORDER

Victor Marrero, District Judge:

      On June 9, 2022, Defendant Polanco-Gonzalez was sentenced principally to a term of imprisonment of 94 months.

      On January 4, 2024, Polanco-Gonzalez filed a motion, (see "Motion," Dkt. No. 40), seeking appointment of counsel to determine whether he is eligible for a sentence reduction pursuant to the Sentencing Guidelines amendments, which went into effect on November 1, 2023, and apply retroactively. The United States Probation Department ("Probation") has issued a report indicating that Polanco-Gonzalez is not eligible for a sentence reduction. (See Dkt. No. 41.)

      "The Second Circuit has repeatedly stated that 'there is no right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion [for reduction in sentence], and that the provision of counsel for such motions should rest in the discretion of the district court.'" Schlussel v. United States, No. 08 Cr. 694, 2014 WL 1875928, at *3 (S.D.N.Y. May 9, 2014) (quoting United States v. Cirineo, 372 F. App'x 178, 179 (2d Cir. 2010 (summary order)); see United States v. Reddick, 53 F.3d 462, 465-65 (2d Cir. 1995) (holding that there is no statutory right to counsel for a sentence reduction motion under the Criminal Justice Act). Accordingly, "it is within the district court's discretion whether to appoint counsel." United States v. Broadnax,

No. 15 Cr. 878, 2023 WL 6533489, at *1 (S.D.N.Y. Oct. 6, 2023) ("In criminal matters, the right to appoint counsel extends to the first appeal of right, and no further." (quotation marks and citation omitted)).

After considering the record in this case, the Court agrees with Probation's conclusion that Polanco-Gonzalez is not eligible for a sentence reduction under the recent Sentencing Guidelines amendments, because his original sentence is below the amended guideline range and because he does not qualify for the Zero-Point Offender reduction since he did not have zero criminal history points. (See Dkt. No. 41, at 2-3.) Because "it [is] readily ascertainable from the record that [Polanco-Gonzalez] was ineligible for a reduction in sentence," see Cirineo, 372 F. at 179, the Court hereby DENIES Polanco-Gonzalez's Motion.

SO ORDERED.

Dated: January 23, 2024
    New York, New York

Victor Marrero
U.S.D.J.