USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -v-

MOISES POLANCO-GONZALEZ,

                          Defendant.

17 Cr. 688 (VM)

ORDER

**Victor Marrero, District Judge**:

    On June 9, 2022, defendant Moises Polanco-Gonzalez ("Polanco-Gonzalez") was sentenced principally to a term of imprisonment of 94 months. (Dkt. No. 37.)

    Now before the Court is Polanco-Gonzalez's *pro se* motion for a sentence reduction and appointment of counsel, based on the recent amendments to the Sentencing Guidelines that took effect November 1, 2023, and apply retroactively. ("Motion" or "Mot.," Dkt. No. 45.) The United States Probation Department ("Probation") has issued a report indicating that Polanco-Gonzalez is not eligible for a sentence reduction. (Dkt. No. 41.) After considering the record in this case and Polanco-Gonzalez's submission, the Court agrees with Probation's conclusion that Polanco-Gonzalez is precluded from receiving a sentence reduction because his original sentence is below the amended Guidelines range.

    Polanco-Gonzalez argues that he is eligible for a sentence reduction based on Part A of Amendment 821, which amended

1

Sentencing Guidelines § 4A1.1 by eliminating the two "status points" a defendant receives for committing the offense while under a criminal justice sentence, so long as the defendant otherwise has less than seven criminal history points. See U.S.S.G. § 4A1.1(e). (Mot. at 3-5.) The record confirms Polanco-Gonzalez indeed received a two-point status enhancement at sentencing because he was under a criminal justice sentence when he committed the instant offense. (See Dkt. No. 27, ¶¶ 30-31.) Thus, Amendment 821 reduced Polanco-Gonzalez's criminal history points from 5 to 3 and his criminal history category from III to II – thereby lowering his Guidelines range from 108 to 135 months' imprisonment to 97 to 121 months' imprisonment. (See Dkt. No. 41, at 2.)

Nevertheless, the Court finds that Polanco-Gonzalez is ineligible for a sentence reduction because his original 94-month sentence is still below the low end of this reduced Guidelines range. See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range."); see also United States v. Sanchez, 99 F. Supp. 3d 457, 459 (S.D.N.Y. 2015). Because it is clear from the record that Polanco-Gonzalez is ineligible for a sentence reduction, the Court denies his renewed request for appointment of counsel. See United States v. Cirineo, 372 F. App'x 178, 179 (2d Cir. 2010).

Accordingly, it is hereby

**ORDERED** that defendant Moises Polanco-Gonzalez ("Polanco-Gonzalez") is ineligible for a sentence reduction because his original sentence is below the amended Guidelines range; and it is further

**ORDERED** that Polanco-Gonzalez's request for appointment of counsel is **DENIED**; and it is further

**ORDERED** that Polanco-Gonzalez's Motion for a Sentence Reduction (Dkt. No. 45) is **DENIED**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 45. The Clerk of Court is also respectfully directed to mail a copy of this Order to Moises Polanco-Gonzalez, Register Number 30532-509, FCI Loretto, PO Box 1000, Cresson, PA 16630, and note service on the docket.

**SO ORDERED.**

Dated: 21 May 2024
       New York, New York

Victor Marrero
U.S.D.J.

3