USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/21/26__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

               - against -

MOISES POLANCO-GONZALEZ,

               Defendant.

**17-CR-0688 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On June 9, 2022, defendant Moises Polanco-Gonzalez ("Polanco-Gonzalez") was sentenced by this Court to a term of imprisonment of ninety-four months for one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. (Dkt. No. 37.)

Now before the Court is Polanco-Gonzalez's *pro se* motion for a sentence reduction, based on recent amendments to the federal Sentencing Guidelines. ("Motion" or "Mot.," Dkt. No. 48.) Although Polanco-Gonzalez does not state as much, because Polanco-Gonzalez is proceeding *pro se*, the Court reads his motion as one for a sentence reduction under 18 U.S.C. § 3582(c)(2) ("Section 3582").

Under Section 3582(c)(2), a court may reduce a defendant's sentence if the original Guidelines range "has subsequently been lowered by the Sentencing Commission" and

"if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant Sentencing Commission policy statements endorse sentence reductions based only on certain amendments made retroactive by the Sentencing Commission. <u>See</u> U.S.S.G. § 1B1.10(a)(1), (d); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997). Polanco-Gonzalez argues for a reduction of sentence based on Amendment 833, which amended U.S.S.G. § 2D1.1(a)(5) and § 3B1.2.[1] <u>See</u> <u>Amendment 833</u>, U.S. Sent'g Comm'n, http://www.ussc.gov/guidelines/amendment/833. But Amendment 833 is not listed at U.S.S.G. § 1B1.10(d), the Sentencing Commission policy statement enumerating the amendments that can support a sentence reduction. <u>See</u> U.S.S.G. § 1B1.10(a)(1), (d). Retroactive application of that amendment is therefore not consistent with the policy statements of the Sentencing Commission and cannot serve as the basis for a sentence reduction pursuant to Section 3582(c)(2). <u>See, e.g.</u>, <u>United States v. Pickney</u>, No. 16-CR-656, 2025 WL 835868, at *1 (S.D.N.Y. Mar. 15, 2025) (citing <u>Perez</u>, 129 F. 3d at 259).

---

[1] Polanco-Gonzalez's Motion refers to the amendment as "Amendment § 2D1.1(a)(5)." (<u>See</u> Mot. at 1.) But § 2D1.1(a)(5) is the section that the amendment altered, not the number of the amendment itself.

Even if Amendment 833 were retroactive, it would not apply to Polanco-Gonzalez. Following Amendment 833's coming into effect on November 1, 2025, U.S.S.G. § 2D1.1 now provides that a two-level downward offense level adjustment is "generally warranted if the defendant's primary function in [a drug trafficking] offense was performing [a] low-level trafficking function, such as distributing controlled substances in user-level quantities for little or no monetary compensation." U.S.S.G. § 2D1.1(e)(2)(B); see U.S.S.G. §§ 2D1.1(5), 3B1.2(b). On the record before the Court, Polanco-Gonzalez is clearly not eligible for that adjustment. Polanco-Gonzalez was involved in an international drug trafficking conspiracy. (See Dkt. No. 41 at ¶¶ 7-12.) His original base offense level was calculated based on his responsibility for conspiring to distribute between three and ten kilograms of heroin, well above "user-level quantities." (See id. at ¶ 17.)

For the foregoing reasons, Polanco-Gonzalez is ineligible for a sentence reduction on the basis of Amendment 833 to the Sentencing Guidelines. Accordingly, Polanco-Gonzalez's Motion for a sentence reduction is **DENIED.**

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 48. The Clerk of Court is also respectfully directed to mail a copy of this Order to Moises

3

Polanco-Gonzalez, Register Number 30532-509, FCI Loretto, PO Box 1000, Cresson, PA 16630, and note service on the docket.

**SO ORDERED.**

Dated:      21 January 2026
            New York, New York

_____
            Victor Marrero
            U.S.D.J.

4