USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> - against - <br><br> MOISES POLANCO-GONZALEZ, <br><br> Defendant. | **17-CR-0688 (VM)** <br><br> <u>DECISION AND ORDER</u> |

**VICTOR MARRERO, United States District Judge.**

Defendant Moises Polanco-Gonzalez ("Polanco-Gonzalez"), proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Section 3582"). (<u>See</u> "Motion" or "Mot.," Dkt. No. 47.) Because Polanco-Gonzalez has failed to establish an extraordinary and compelling reason warranting early release, the motion is **DENIED**.

## I.    BACKGROUND

On September 20, 2021, Polanco-Gonzalez pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. (<u>See</u> Dkt. No. 23.) On June 9, 2022, this Court sentenced Polanco-Gonzalez to ninety-four months' incarceration. (<u>See</u> Dkt. No. 37.) In the years since Polanco-Gonzalez began his term of incarceration, this Court has denied three motions for a sentence reduction filed by Polanco-Gonzalez. (<u>See</u> Dkt. Nos. 42, 44, 46.) Polanco-

Gonzalez filed his current Motion for compassionate release on August 5, 2025. (See Mot.) Polanco-Gonzalez is currently incarcerated at FCI Loretto.

## II.  <u>**LEGAL STANDARD**</u>

"[U]pon motion of the defendant," and "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," a district court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Following the United States Sentencing Commission's November 2023 amendment of the policy statement contained at U.S.S.G. § 1B1.13 ("Section 1B1.13"), that policy statement now controls as to what constitutes "extraordinary and compelling reasons" for purposes of motions for compassionate release. See, e.g., <u>United States v. Lopez</u>, No. 16-CR-317, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024).

Section 1B1.13 provides six categories of circumstances that, subject to specific criteria, may amount to extraordinary and compelling reasons when considered either individually or in combination: (1) "the medical circumstances of the defendant"; (2) "the age of the

2

defendant"; (3) the defendant's "family circumstances"; (4) whether the defendant was physically or sexually abused while in custody; (5) whether "any other circumstance or combination of circumstances" exist that "are similar in gravity" to the preceding four circumstances; and (6) the "defendant received an unusually long sentence and has served at least 10 years" and a subsequent change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)-(6).

Additionally, where extraordinary and compelling reasons are present, the court must determine that release is consistent with "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

### III. <u>DISCUSSION</u>

A.   <u>EXTRAORDINARY AND COMPELLING REASONS</u>

Polanco-Gonzalez raises four bases for his request for compassionate release that he argues constitute extraordinary and compelling reasons: (1) prison conditions; (2) medical circumstances for which he is receiving inadequate health care; (3) ineffective assistance of counsel; and (4) the need to provide care for his mother. (<u>See</u> Mot. at 14-32, 38.) Polanco-Gonzalez has failed to establish that any of these

circumstances, considered individually or in combination, constitute extraordinary or compelling reasons for compassionate release

### 1. Prison Conditions

Polanco-Gonzalez's motion describes poor conditions at Bureau of Prisons ("BOP") facilities generally and FCI Loretto specifically, including harsh prison conditions during the COVID-19 pandemic, overcrowding of prisoners, and understaffing. These conditions, while undeniably difficult, do not constitute extraordinary or compelling reasons.

As courts in this District have recognized, "pandemic-induced conditions of confinement can constitute 'extraordinary and compelling' circumstances warranting compassionate release, particularly for defendants who have (i) served long sentences and (ii) been detained for the entirety of the pandemic." United States v. Oquendo, No. 13-CR-357, 2023 WL 199609, at *5 (S.D.N.Y. Jan. 17, 2023); see also United States v. Serrano, No. 15-CR-608, 2022 WL 1443688, at *15 (S.D.N.Y. May 6, 2022) (noting that for defendants who served long sentences and have been detained during the entirety of the pandemic, "pandemic-induced conditions of confinement may constitute 'extraordinary and compelling' circumstances" (emphasis in original)). Neither condition is applicable to Polanco-Gonzalez, who was initially detained in

October 2020 and sentenced in June 2022. (See Dkt. No. 27 at ¶ 12; Dkt No. 37.) Additionally, the Court cited Polanco-Gonzalez's confinement during the COVID-19 pandemic as a sentencing consideration relevant to the Court's decision to impose a below-guidelines sentence at sentencing. (See Dkt. No. 38 at 16-18.) Polanco-Gonzalez's confinement during the pandemic alone therefore is not an extraordinary and compelling reason to reduce his sentence further. The Court will nevertheless take the pandemic prison conditions into account in combination with other considerations in determining whether an extraordinary and compelling reason has been established.

Polanco-Gonzalez's other arguments relating to overcrowding and understaffing of BOP facilities are "generalized statements about prison conditions untethered to compelling specifics of the defendant's particular circumstances," and therefore do not constitute extraordinary or compelling reasons. United States v. Santana, No. 12-CR-790, 2023 WL 2625790, at *4 (S.D.N.Y. Mar. 24, 2023); United States v. Sayoc, No. 18-CR-00820, 2025 WL 918864, at *2 (S.D.N.Y. Mar. 26, 2025) ("An experience shared by his fellow inmates that poses no unique burden to [the defendant] himself does not provide a ground for this Court to grant compassionate release.").

2.   Medical Circumstances

Polanco-Gonzalez also argues that he suffers from medical conditions for which he has received insufficient care while in prison. (See Mot. at 22-25.) Specifically, Polanco-Gonzalez states that he suffers from hypertension and hyperlipidemia (i.e., high cholesterol) and is at risk of kidney disease. (See id.) Polanco-Gonzalez has not established that these issues amount to extraordinary or compelling reasons.

Despite stating that he received his medical records from BOP upon request, Polanco-Gonzalez has not supplied any supporting medical records or other evidence to confirm his diagnoses or establish the inadequacy of BOP's care. Accordingly, he has failed to establish that he is "suffering from a terminal illness or a serious medical condition," or "suffering from a medical condition that requires long-term or specialized medical care that is not being provided" in prison and "without which [he] is at risk of serious health deterioration or death." U.S.S.G. § 1B1.1(b)(1)(A)-(C); see United States v. Rodriguez, 12-CR-790, 2025 WL 3751696, at *5 (S.D.N.Y. Dec. 29, 2025) (collecting cases).

3.   Ineffective Assistance of Counsel

Polanco-Gonzalez argues that compassionate release is warranted because he received ineffective assistance of

6

counsel. Polanco-Gonzalez, who pled guilty pursuant to a plea agreement, states that "[h]e told counsel on numerous occasions that he did not, under any circumstances, want to sign a plea agreement; going so far as to say that he would plead guilty with no plea bargain and let the court decide, but defense counsel would not listen." (Mot. at 32.)

Polanco-Gonzalez's argument that he received ineffective assistance of counsel is not a proper basis for compassionate release. Ineffective assistance of counsel, which is a legal wrong related to Polanco-Gonzalez's conviction, is appropriate grounds for appellate or habeas relief, not relief under Section 3582. See Miner v. United States, No. 16-CR-23, 2023 WL 3222394, at *3 (S.D.N.Y. May 2, 2023) (citing United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022)); United States v. Ruiz, No. 10-074, 2022 WL 493389, at *3 (E.D.N.Y. Feb. 16, 2022) ("[T]he Court rejects defendant's claims of ineffective assistance of counsel as improperly raised. Such claims should have been brought through a 28 U.S.C. § 2255(a) motion."). Additionally, even reading Polanco-Gonzalez's ineffective assistance of counsel argument as a petition for habeas relief under 28 U.S.C. § 2255, it is subject to a one-year statute of limitations running from, at the latest, "the date on which the judgment of conviction [became] final." 28 U.S.C.

§ 2255(f)(1). The Court imposed its judgment on June 9, 2022, over three years before Polanco-Gonzalez filed his motion. (See Dkt. No. 37.)

    4.    Family Caregiving

Lastly, Polanco-Gonzalez argues that he should receive compassionate release so he may care for his mother, who is "suffering from advanced Parkinson['s disease] and is no longer able to care for herself." (Mot. at 38.) In support of this argument, Polanco-Gonzalez attaches a note from a doctor who has examined his mother, which confirms his mother's diagnosis with Parkinson's disease and dependence on assistance in performing daily activities. (See Mot. Exh. 5.)

    "[I]ncapacitation of the defendant's parent" may serve as an extraordinary and compelling reason in support of compassionate release "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). "When a defendant relies on section 1B1.13(b)(3)(C)'s sole-caregiver provision, 'courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established.'" United States v. Young, No. 24-CR-00273, 2025 WL 3496277, at *3 (S.D.N.Y. Dec. 5, 2025) (quoting United

8

States v. Cracchiolo, No. 22-CR-00108, 2025 WL 2017422, at *3 (S.D.N.Y. July 18, 2025)). Polanco-Gonzalez has not made that showing here. Neither Polanco-Gonzalez's motion nor the doctor's letter state that he is the only caregiver available to care for his mother. There is therefore no showing on the record before the Court that Polanco-Gonzalez's family circumstances constitute extraordinary or compelling reasons for release. See United States v. Lindsey, No. 13-CR-271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (collecting cases).

B.   SECTION 3553(a) SENTENCING CONSIDERATIONS

Even assuming Polanco-Gonzalez's Motion established an extraordinary and compelling reason for early release, the Section 3553(a) sentencing considerations do not support granting the Motion. This Court imposed a below-guidelines sentence. (See Dkt. No. 38 at 15-16.) In so doing, this Court recognized the realities of incarceration during the COVID-19 pandemic, Polanco-Gonzalez's likely deportation upon release from incarceration, and his efforts toward rehabilitation following his arrest. (See id. at 17-18.) Polanco-Gonzalez has continued those efforts, completing over thirty educational courses while incarcerated. (See Mot. Exh. 3.) Nevertheless, the sentence imposed reflected the seriousness of the offense, which involved a sophisticated

9

drug conspiracy involving kilogram quantities of heroin, and the need to afford adequate deterrence to criminal conduct, especially relevant given Polanco-Gonzalez's prior drug conviction. (See Dkt. No. 38 at 18-19.) Those considerations remain relevant and weigh against early release.

### IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Motion of defendant Moises Polanco-Gonzalez for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 47) is **DENIED.**

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 47. The Clerk of Court is also respectfully directed to mail a copy of this Order to Moises Polanco-Gonzalez, Register Number 30532-509, FCI Loretto, PO Box 1000, Cresson, PA 16630, and note service on the docket.

**SO ORDERED.**

Dated:    21 January 2026
          New York, New York

_____
       Victor Marrero
       U.S.D.J.