USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

- against -

MOISES POLANCO-GONZALEZ,

Defendant.

**17-CR-0688 (VM)**

**MEMORANDUM OPINION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Before the Court is defendant Moises Polanco-Gonzalez's ("Polanco-Gonzalez") motion to proceed on appeal *in forma pauperis*, having been transferred to this Court by the United States Court of Appeals for the Second Circuit. (See Dkt. No. 54.) For the reasons described below, the motion is denied.

On September 20, 2021, Polanco-Gonzalez pled guilty to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. (See Dkt. No. 23.) On June 9, 2022, this Court sentenced Polanco-Gonzalez to ninety-four months' incarceration. (See Dkt. No. 37.) In the years since Polanco-Gonzalez began his term of incarceration, this Court has denied five motions for a sentence reduction filed by Polanco-Gonzalez. (See Dkt. Nos. 42, 44, 46, 49, 50.) On January 21, 2026, this Court denied Polanco-Gonzalez's most recent motion for compassionate release pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i). (See Dkt. No. 50.) Polanco-Gonzalez now seeks to appeal that decision and to proceed on appeal *in forma pauperis*.

"The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under [28 U.S.C.] § 1915." Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). "The Court's discretion is limited in that: 'An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.'" Id. (quoting 28 U.S.C. § 1915(a)(3)); see also Fed. R. App. P. 24(a)(3)(A). The standard for "good faith" in pursuing an appeal is an objective one. U.S. v. Yu, 90-CR-47, 2007 WL 62789, at *2 (S.D.N.Y. Jan. 8, 2007) (denying *in forma pauperis* status where appeal not taken in good faith); see also Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous.").

In his application to proceed *in forma pauperis*, Polanco-Gonzalez states that he seeks to argue on appeal that he is "entitled to a mitigating role and . . . a reduction due to that fact that [he has] zero criminal history points." (Dkt. No. 54 at 3.) Additionally, Polanco-Gonzalez states that he did not "meet the three elements for a conspiracy."

(Id.) All of the stated bases for Polanco-Gonzalez's appeal are frivolous.

As an initial matter, Polanco-Gonzalez did not raise any of these issues in his motion for compassionate release before this Court. In the motion he now seeks to appeal, Polanco-Gonzalez argued he was entitled to compassionate release based on (1) prison conditions; (2) medical circumstances for which he was receiving allegedly inadequate health care; (3) ineffective assistance of trial counsel; and (4) the need to provide care for his mother. (See Dkt. No. 47 at 14–32, 38.)[1] Nowhere in Polanco-Gonzalez's operative motion did he raise the issues he now seeks to litigate on appeal.

Additionally, the issues identified by Polanco-Gonzalez have been previously rejected as meritless by this Court. In a separate motion than the one he seeks to appeal here, Polanco-Gonzalez argued he was entitled to a sentence reduction on account of his "mitigating role." (See Dkt. No. 48.) As this Court explained in its decision and order denying that motion, Polanco-Gonzalez is not entitled to a reduction of sentence under the "Mitigating Role Adjustment" found in Amendment 833 to the United States Sentencing Guidelines

[1] The docket for Polanco-Gonzalez's appeal makes clear that he seeks to appeal this Court's denial of his motion raising these arguments for compassionate release. See District Court Decision and Order, United States v. Polanco-Gonzalez, No. 26-234 (2d Cir. Feb. 11, 2026).

because a) the United States Sentencing Commission did not make Amendment 833 retroactive and b) Polanco-Gonzalez does not meet the requirements for a reduction under Amendment 833 because of his role in the heroin distribution conspiracy. (See Dkt. No. 49.) This Court has also previously rejected Polanco-Gonzalez's argument that he is entitled to a sentence reduction on account of having "zero criminal history points." As this Court explained in its March 11, 2024, decision and order, Polanco-Gonzalez did not have zero criminal history points at the time of his conviction and sentencing — and he does not today. (See Dkt. No. 44.) Lastly, Polanco-Gonzalez's claim that he did not "meet the three elements for a conspiracy" is baseless. Polanco-Gonzalez pleaded guilty to the drug conspiracy charge knowingly and voluntarily. (See Dkt. No. 23.) The sufficiency of that plea and of Polanco-Gonzalez's conviction has never been challenged.

Because Polanco-Gonzalez has not identified a colorable, non-frivolous basis for his appeal, it is certified pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that his appeal cannot be taken in good faith. Accordingly, the motion for leave to appeal *in forma pauperis* is **DENIED.**

The Clerk of Court is directed to notify the Court of Appeals for the Second Circuit of this Memorandum Opinion and Order and to mail a copy to Moises Polanco-Gonzalez, Register Number 30532-509, FCI Loretto, PO Box 1000, Cresson, PA 16630, and note service on the docket.

**SO ORDERED.**

Dated: 30 July 2026
New York, New York

_________________________
Victor Marrero
U.S.D.J.